**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| THEODORE D. PENDERGRASS, II, | : | Bankruptcy No. 06-13988DWS |
| | : | |
| Debtor. | : | |
| | : | |
| SAMUEL DALEMBERT, | : | Adversary No. 07-0242 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THEODORE D. PENDERGRASS, II, | : | |
| | : | |
| Defendant. | : | |

# MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

Before the Court is the Motion of Debtor/Defendant ("Debtor") to Dismiss the above-captioned adversary action (the "Motion"). The complaint (the "Complaint") filed by plaintiff Samuel Dalembert ("Plaintiff") seeks a determination pursuant to 11 U.S.C. § 523(c) that Debtor's obligations to Plaintiff are excepted from discharge under § 523(a)(2). For the reasons which follow, I agree with Debtor that the Complaint is untimely and therefore the Motion is granted.

**BACKGROUND**

Debtor filed the instant bankruptcy case on September 11, 2006, under Chapter 13 of the Bankruptcy Code.[1] A meeting of creditors was first scheduled in this case for December 4, 2006. On April 9, 2007, Plaintiff's counsel attempted to file an objection to confirmation of Debtor's Chapter 13 plan, but failed to follow the Court's electronic filing requirements. A notice of this deficiency was issued giving Plaintiff ten days to file in compliance. However, the need for Plaintiff to do so was rendered moot when Debtor converted this case to one under Chapter 7 two days later. On April 13 a notice of the Chapter 7 case was issued, which scheduled a meeting of creditors on May 9, 2007. The Notice stated that the deadline to file a complaint objecting to discharge of Debtor or to determine dischargeability of certain debts was sixty days following the creditor's meeting, i.e., July 9, 2007.[2]

---

[1] I shall take judicial notice of the docket entries in this case. Fed.R.Evid. 201, incorporated in these proceedings by Fed.R.Bankr.P. 9017. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D. Ill. 1993); In re Paolino, 1991 WL 284107, at *12 n. 19 (Bankr. E.D. Pa. 1991); see generally In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995). While a court may not take judicial notice *sua sponte* of facts contained in the debtor's file that are disputed, In re Augenbaugh, 125 F.2d 887 (3d Cir. 1942), it may take judicial notice of adjudicative facts "not subject to reasonable dispute ... [and] so long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." In re Indian Palms Assoc., 61 F.3d 197, 205 (3d Cir. 1995) (*citing* Fed.R.Evid. 201(f) advisory committee note (1972 proposed rules)). Moreover, "factual assertions in pleadings, which have not been superceded by amended pleadings, are judicial admissions against the party that made them. Larson v. Gross Bank, 204 B.R. 500, 502 (W.D. Tex. 1996) (statements in schedules). See also In re Musgrove, 187 B.R. 808 (Bankr. N.D. Ga. 1995) (same); In re Leonard, 151 B.R. 639 (Bankr. N.D.N.Y. 1992) (same).

[2] The sixtieth day was actually July 8, a Sunday, and is therefore calculated as falling on July 9, 2007. Fed. R. Bankr. P. 9006(a).

On July 10, 2007, Plaintiff filed the Complaint. It alleged that Debtor began employment for Plaintiff in January 2000, was authorized with power of attorney to act on behalf of Plaintiff in financial matters, and in January 2001, began a pattern of embezzlement and forgery, misappropriating over $350,000 from Plaintiff (the "Misappropriated Funds"). Compl. ¶¶ 4-9. The Complaint seeks a determination that the Misappropriated Funds constitute a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(2), as having been obtained as a result of fraud and breach of fiduciary duty. In response, Debtor filed the Motion, contending that the Complaint was filed outside the required time limit for bringing a dischargeability action. After a hearing and granting both parties the opportunity to provide memoranda of law, this matter is ripe for disposition.

**DISCUSSION**

Section 523(a)(2), the statutory basis invoked by the Complaint, excepts from discharge certain debts incurred through false pretenses or fraud. Notwithstanding this exception, § 523(c) states that a debtor will in fact be discharged from such debts unless a creditor to whom such debts are owed seeks a determination that the debt is nondischargeable. Thus § 523(c) places the onus upon the creditor to except a fraud debt from discharge.

Rule 4007(c) establishes the time limits for such action and provides that "[a] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R.

Bankr. P. 4007(c). Where, as here, a case is converted from one under Chapter 13 to one under Chapter 7, a new time period to bring a dischargeability complaint commences under Rule 4007. Fed. R. Bankr. P. 1019(2).[3] Thus, the applicable deadline for the Complaint was sixty days following the meeting of creditors in the Chapter 7 case, i.e., July 9, 2007. However, the Complaint was filed on July 10, 2007, i.e., one day late. The issue before me is whether this flaw is fatal or whether the Court can, as Plaintiff urges, consider the Complaint to be "substantially" in compliance with Rule 4007(c).

As an initial matter, Debtor asserts that Rule 4007(c) has been construed by some courts as jurisdictional, i.e., upon expiration of the deadline the Court lacks subject matter jurisdiction to adjudicate the Complaint. However, that proposition was rejected by the Supreme Court in Kontrick v. Ryan, 540 U.S. 443, 124 S. Ct. 906 (2004). In examining an almost identical Bankruptcy Rule, Rule 4004(a),[4] and the general extension Rule 9006(b), the Court held that these rules are "claim-processing rules that do not delineate what

---

[3] Rule 1019(2) states that when a case under Chapters 11, 12, or 13 has been converted or reconverted to one under Chapter 7:

> A new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence pursuant to Rules 3002, 4004, or 4007, provided that a new time period shall not commence if a chapter 7 case had been converted to a chapter 11, 12, or 13 case and thereafter reconverted to a chapter 7 case and the time for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt, or any extension thereof, expired in the original chapter 7 case.

[4] Kontrick addressed Rule 4004(a), which provides the time limit to file a complaint objecting to a debtor's discharge generally, rather than to the dischargeability of a specific debt. However, the sixty-day deadline is the same, and Rule 4004(a) has the identical language as Rule 007(c). Indeed, the Kontrick Court itself noted the identical nature of the two rules and found case law under Rule 4007(c) relevant in examining Rule 4004(a). Id. at 448 n.3.

-4-

cases bankruptcy courts are competent to adjudicate." 540 U.S. at 454; 124 S. Ct. at 914. My jurisdiction over this adversary proceeding is thus indisputable.

Nevertheless, the language of Rule 4007(c) is clear: A complaint "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c) (emphasis). Moreover, a court's ability to extend this deadline is strictly confined by the plain language of the Rule to instances where a motion to extend is "filed before the time has expired." Id. I take judicial notice of the fact that Plaintiff never filed a motion to extend the deadline to file a complaint and that the time to do so also expired on July 9. Rule 9006(b), which governs the Court's ability to enlarge the time for acts to be done generally, carves out an exception for several rules, including Rule 4007(c). With respect to Rule 4007(c), Rule 9006(b)(3) expressly states that the Court may enlarge time under that rule "only to the extent and under the conditions stated in [that] rule." Fed. R. Bankr. P. 9006(b)(3).

While neither the United States Supreme Court nor the Third Circuit Court of Appeals has decided the precise issue before me, the case of Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S.Ct. 1644 (1992) informs my decision. In Taylor, the Supreme Court upheld the Third Circuit's interpretation of Bankruptcy Rule 4003(b), that if no objection to a claim of exemption is filed within the thirty day deadline found in that rule, property claimed as exempt under § 522 will be considered exempt even if there is no colorable basis for the claimed exemption. There are several similarities between the statute and rules in Taylor

and the ones before me. Like § 523(c), § 522 places the burden on the creditor to act.[5]

Like Rule 4007(c), Rule 4003(b) has a clearly delineated deadline to file an objection to an exemption and any extension of time must be sought before expiration of the deadline.[6]

Finally, as with Rule 4007(c), further enlargement beyond the terms of Rule 4003(b) is expressly precluded by Rule 9006(b)(3). I therefore find Taylor persuasive as to how both the Third Circuit Appeals Court and the Supreme Court would interpret § 523(c) and Rule 4007(c). See Barnes v. Leet (In re Leet), 274 B.R. 695, 697 (B.A.P. 6th Cir. 2002) (applying Taylor rationale to Rule 4007(c)).

Taylor provides clear direction to application of a time limiting rule. "Our task is 'to interpret the rules neither liberally nor stingily, but only as best we can, according to their apparent intent. Where that intent is to provide leeway, a permissive construction is the right one; where it is to be strict, a permissive construction is wrong.'" Taylor, 938 F.2d at 424

---

[5] The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. <u>Unless a party in interest objects, the property claimed as exempt on such list is exempt</u>.

11 U.S.C. § 522(l) (emphasis added).

[6] A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension. Copies of the objections shall be delivered or mailed to the trustee, the person filing the list, and the attorney for that person.

Fed. R. Bankr. P. 4003(b).

(*quoting* Torres v. Oakland Scavenger Co., 487 U.S. 312, 319, 108 S.Ct. 2405, 2410 (1988) (Scalia, J., concurring)).  The Third Circuit held that a literal interpretation of the strict obligations and time limits of § 522(l) and Rule 4003(b) serves the important bankruptcy goals of finality and certainty, id. at 426, a concept embraced by the Supreme Court on review:

> Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.  In this case, despite what respondents repeatedly told him, Taylor did not object to the claimed exemption.  If Taylor did not know the value of the potential proceeds of the lawsuit, he could have sought a hearing on the issue, see Rule 4003(c), or he could have asked the Bankruptcy Court for an extension of time to object, see Rule 4003(b).  Having done neither, Taylor cannot now seek to deprive Davis and respondents of the exemption.

503 U.S. at 644, 108 S.Ct. at 1648.

This reasoning is equally applicable to the bar dates for dischargeability complaints.  A primary purpose of Rule 4007(c) "is to enhance the efficient administration of the estate by requiring creditors to act quickly to contest a debt or to surrender this right forever." In re Weinberg, 337 B.R. 65, (E.D. Pa. 2005), *aff'd* 197 F. Appx. 182 (3d Cir. 2006). See also In re Meyer, 120 F.3d 66, 68-69 (7th Cir.1997) (purpose of Rule 4007(c) is to encourage creditors "to file their complaints speedily or lose them forever"); McCuskey v. Central Trailer Serv., Ltd., 37 F.3d 1329, 1333 (8th Cir. 1994) (noting the basic purpose of Rule 4007(c) is to enhance the efficient administration of the estate); Grossie v. Sam, 894 F.2d 778, 781 (5th Cir. 1990) (primary purpose of Rule 4007(c) is to administer the estate in an efficient and expeditious manner); Jones v. Hill, 811 F.2d 484, 486-87 (9th Cir. 1987)

(Rule 4007(c) "avoids delay by requiring a party to file promptly rather just prior to the final settlement of the bankruptcy case").

Section 523(c) evidences Congressional intent that a debtor shall be discharged even from fraudulent debt unless the creditor acts. The rules promulgated to enforce this provision provide a clear deadline with no language demonstrating that leniency may be allowed for any length of tardiness. The result may seem harsh where the filing is but a single day late, but as the Supreme Court has noted on more than one occasion, to hold otherwise is to tread down the quintessential slippery slope:

> If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced. "Any less rigid standard would risk encouraging a lax attitude toward filing dates," United States v. Boyle, 469 U.S., at 249, 105 S.Ct., at 692. A filing deadline cannot be complied with, substantially or otherwise, by filing late-even by one day.

United States v. Locke, 471 U.S. 84, 101, 105 S.Ct. 1785, 1796, (1985) (analyzing the filing deadline under Federal Land Policy and Management Act); Carlisle v. United States, 517 U.S. 416, 116 S.Ct. 1460 (1996) (*quoting* Locke in finding that a motion to acquit filed one day after the 7-day time limit of Fed. R. Crim. P. 29(c) is untimely).[7] See also Barnes v. Leet (In re Leet), 274 B.R. 695, 697 (B.A.P. 6th Cir. 2002) (dismissing

---

[7] In Carlisle, the Supreme Court was not only persuaded by the clear limit of Rule 29(c), but also by the general extension rule, Fed. R. Crim. P. 45(b). Like Fed. R. Bankr. P. 9006(b)(3), that rule expressly carves out any extension of Rule 29(c) "except to the extent and under the conditions stated in [the Rule]." Id. at 416, 116 S.Ct. at 1461 (alteration in original).

nondischargeability complaint filed two days after 4007(c) deadline); Mittman v. Casey (In re Casey), 329 B.R. 43 (Bankr. S.D. Ohio 2005) (dismissing nondischargeability complaint electronically filed minutes after midnight of last day under Rule 4007(c)). I therefore interpret Rule 4007(c) as written and hold that the Complaint, though filed only one day beyond the sixty-day deadline, is untimely and must be dismissed.

The Kontrick court expressly refrained from addressing whether Rule 4004(a) and 9006(b), "despite their strict limitations, could be softened on equitable grounds." 450 U.S. at 457; 124 S.Ct. at 916. However, the Supreme Court on prior occasions has stated that "[s]tatutory filing deadlines are generally subject to the defenses of waiver,[8] estoppel, and equitable tolling." United States v. Locke, 471 U.S. at 94 n.10, 105 S. Ct. at 1792. Both before and after Kontrick, some courts have held that these three equitable doctrines could save a late filing from the harsh effect of Rule 4007(c). E.g. Nardei v. Maughan (In re Maughan), 340 F.3d 337, 344 (6th Cir. 2003); DeAngelis v. Rychalsky (In re Rychalsky), 318 B.R. 61, 64 (Bankr. Del. 2004). Assuming *arguendo* that these equitable doctrines could be applied, the issue becomes whether the circumstances behind Plaintiff's late filing fall within their purview.[9]

The doctrine of equitable tolling requires a plaintiff to prove: (1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity

---

[8] Plaintiff does not contend and the facts refute the application of the waiver doctrine where Debtor raised the lack of timeliness in his initial response to the Complaint.

[9] Notably although legal briefs were submitted, Plaintiff has advanced none of these theories, merely asserting, without support, an equitable exception to the application of the time limits of Rule 4007(c).

of his or her claim within the limitations period; and (3) where the plaintiff's ignorance is not attributable to a lack of reasonable due diligence in attempting to uncover the relevant facts. Cetel v. Kirwan Financial Group, Inc., 460 F.3d 494, (3d Cir. 2006).

The two most recognized estoppel doctrines are judicial estoppel and equitable estoppel. The former precludes a party from playing "fast and loose" with the court by taking inconsistent positions. Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 359-60 (3d Cir. 1996). Equitable estoppel requires: (1) a representation of material fact was made to the party; (2) such party had a right to, and did, rely on the representation; and (3) that denial of the representation by the party making it would injure the relying party. In re Okan's Foods, Inc., 217 B.R. 739, (Bankr. E.D. Pa. 1998).

Finally, there is a line of cases that have allowed a court to use its inherent equitable power to correct its own mistakes, such as when the late filing under Rule 4007(c) occurs after the court has sent out a notice misrepresenting the deadline. E.g., In re Isaacman, 26 F.3d 629, 631 (6th Cir. 1994); In re Perkins, 271 B.R. 607(B.A.P. 8th Cir. 2002).

A common thread runs through all of these equitable doctrines, i.e., all involve conduct by the party against whom the doctrine is imposed or by the court itself which caused the filing party to file late. However, Plaintiff does not implicate Debtor or the Court, but rather attributes the late filing to the error and/or negligence of his own attorney:

> The deadline for discharge related filings for the above bankruptcy was July 9, 2007. Plaintiff completed the Complaint to Determine Dischargeability prior to the filing deadline, but had difficulty figuring out how to file electronically with the PAEB system. This was to be our first opportunity to file with this system. On July 10, 2007, a technician at the electronic filing system help desk assisted us in filing the complaint. Based on our inexperience and difficulties with electronic filing, Plaintiff asks the Court

-10-

to consider the filing of the Complaint to Determine Dischargeability to be in substantial compliance with the filing deadline.

Response to Motion. Doc. No. 6. Mere attorney error does not fall within any of the legal theories discussed above. Moreover, the Supreme Court has expressly rejected such an excuse in the context of other claim processing rules. See Carlisle, 517 U.S. at 421, 116 S. Ct. At 1460. ("There is simply no room in the text of Rules 29 and 45(b) . . . regardless of whether the motion . . . was filed late because of attorney error").

While the Court sympathizes with the difficulty faced by an attorney facing a new court procedure, the need to master the electronic filing requirement was apparent to counsel as early as April when Plaintiff's objection to the Chapter 13 plan was rejected because counsel did not comply with the electronic filing requirement. The danger in waiting until the eve of the § 523(c) deadline before attempting to use an unfamiliar filing system is obvious. Nothing in the Rules or the equitable doctrines that the Court has researched will allow Plaintiff to overcome this fatal error.

An Order consistent with this Memorandum Opinion shall issue.

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Dated: September 24, 2007

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| THEODORE D. PENDERGRASS, II, | : | Bankruptcy No. 06-13988DWS |
| | : | |
| Debtor. | : | |
| | : | |
| SAMUEL DALEMBERT, | : | Adversary No. 07-0242 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THEODORE D. PENDERGRASS, II, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 24th day of September 2007, upon consideration of the Motion of Debtor/Defendant ("Debtor") to Dismiss the above-captioned adversary action (the "Motion"), after notice and hearing, and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** that the Motion is **GRANTED**. The above-captioned adversary action is **DISMISSED**.

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge